**FILED**

**DECEMBER 17, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN T. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| COMTRUST, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**07 C 7086**

**JUDGE DARRAH
MAGISTRATE JUDGE KEYS**

### PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff John T. Bell moves pursuant to Section 9 of the Federal Arbitration Act, 9 U.S. C. §1 et seq., to confirm the National Futures Association (NFA) Award entered on December 10, 2007 in his favor and against Defendant Comtrust, Inc. and states as follows:

### Introduction

1.    On December 10, 2007, a three person panel in Chicago entered an Award in favor of John T. Bell and against Comtrust Inc. in the amount of $594,292.00.   The arbitration claim related to losses of $793,595 which Bell sustained in his Comtrust account.

2. Bell is an 81 year old individual who suffers from significant memory loss.  For instance, he thinks he retired in 1965 when in fact he retired in the 1990's.  His condition has worsened since the death of his wife several months ago.   He entrusted most of his retirement savings to Comtrust Inc.   Comtrust and its agents lost almost $800,000 of his money in short order by recklessly placing it in commodity option contracts. Furthermore, Comtrust Inc.  charged Mr. Bell $575,932 in fees and commissions within a short period of

1

time.    It also allowed option positions to be placed for him in excess of $21 million.    On one day, Mr. Bell was made into a major player in the entire U.S. market for January 2006 natural gas contracts through the purchase and sale of 1,400 contracts.

3.    Other persons involved with the trading in Mr. Bell's account have been permanently barred from the commodities industry by the NFA due to their fraudulent actions with respect to Mr. Bell and other public customers. These persons include Mitchell Brad Goldberg, Protrade Futures & Options, Inc. and Corporate Commodities Inc.

4. Furthermore, after the arbitration hearing with Mr. Bell, on December 5, 2007, the NFA initiated a Business Conduct Committee complaint against Comtrust Inc. and its listed principal, director and agent, Stuart A. Mehler (NFA Case No. 07-BCC-047).    The NFA Complaint seeks expulsion and suspension from NFA membership, censure, monetary fines not to exceed $250,000 and injunctive relief.    Comtrust is charged with violation of NFA Compliance Rule 2-4, ie. failure to uphold high standards of commercial honor and just and equitable principles of trade.

### Parties

5. Bell was a public customer of Comtrust Inc.    He is an individual residing at 4 N 009 Thornapple Road, St. Charles, IL 60174.

6.    Comtrust Inc. is a Futures Commission Merchant and is a member of the National Futures Association. Comtrust is a foreign corporation with its principal place of business located in Aventura, Florida.

**Jurisdiction and Venue**

7.  This Court has jurisdiction under the Federal Arbitration and also diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff Bell is a resident of Illinois.  Comtrust Inc. is a resident of Florida.   The amount in controversy exceeds $75,000.

8.  Venue is appropriate in this district since the arbitration was conducted before the National Futures Association in Chicago, Illinois.  Comtrust Inc. appeared at the arbitration in Chicago, Illinois through a Chicago based lawyer.  Its director and principal, Stuart A. Mehler, came to Chicago to testify at the evidentiary hearing.

**Facts**

9.  A copy of the Award entered by the three person NFA Panel in Chicago, Illinois on December 10, 2007 is attached hereto as Exhibit A.

10.  The NFA had previously denied Comtrust's motion to change the venue of the arbitration to Florida.

11.  A copy of the parties' Arbitration Agreement dated June 13, 2005 is attached hereto as Exhibit B.   This Arbitration Agreement is part of Mr. Bell's account agreement with Comtrust Inc.

12.  A copy of the NFA's letter of March 22, 2007 appointing the panel of arbitrators is attached as Exhibit C.  The Chairperson of the Panel was Daniel Formeller, Managing Partner of Tressler Soderstrom, Chair of the firm's Business Litigation Group, and past President of both the Illinois Association of Defense Trial Counsel and Association of Defense Trial Attorneys.

3

13.   Under the NFA Code of Arbitration, the Panel's Award is final as of December 10, 2007,   there is no right of appeal, all parties shall be bound by the Award, and judgment on the Award may be entered in any court of competent jurisdiction.

### Prayer for Relief

Petitioner John T. Bell requests that the NFA Arbitration Award of December 10, 2007 be confirmed and that judgment be entered in his favor and against Comtrust Inc. in the amount of $594,292.00 plus court costs and such further and other relief as the Court deems just.

**Petitioner John T. Bell**

By _____

December 10, 2007

Howard B. Prossnitz, Esq.
Law Offices of Howard Prossnitz
Suite 2670
200 West Madison Street
Chicago, Illinois 60606
(312) 960-1800
(312) 960-1804 (Fax)
howard@prossnitzlaw.com

James L. Kopecky, P.C.
312 N. Clark Street
Suite 2200
Chicago, IL 60610
312 527-3966
312 527-3968 fax
jim@jlkopecky.com

4



## NATIONAL FUTURES ASSOCIATION

| | |
|---|---|
| In the Matter of the Arbitration Between | ) |
| | ) |
| John T. Bell, | ) |
|                  Claimant, | ) |
| | )             AWARD |
|       v. | ) |
| | ) |
| Alaron Trading Corporation, | ) |
| Comtrust, Inc., Protrade Futures & Options, | ) |
| Corporate Commodities, Inc, and | ) |
| Mitchell Goldberg, | ) |
|                  Respondents. | ) |

Re:    <u>06-ARB-61</u>

        The following issues were presented to and decided by the undersigned arbitrators: Breach of Contract, Breach of Fiduciary Duty, Negligent Misrepresentation, Failure to Supervise, Fraud, Violations of the CEA 7 U.S.C. Section 1, et al., Violation of NFA Compliance Rules 2-2 and 2-4, Violation of Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2, Claimant's Motion for Default against Mitchell Brad Goldberg, Protrade Futures & Options, and Corporate Commodities, Inc., Claimant's request for punitive damages, interest, costs and attorney's fees, Alaron Trading Corporation's Motion for Summary Judgment against John T. Bell, and Respondents' request for costs and attorney's fees.

        At the end of the Claimant's case in chief, Respondents Alaron Trading Corporation and Comtrust, Inc. each raised Motions for Directed Verdict. After hearing oral argument and reviewing post hearing briefs from the Claimant and Respondents, the Panel hereby grants the Motion with respect to Alaron Trading Corporation only. Therefore, John Bell's claims against Alaron Trading Corporation are denied and dismissed with prejudice.

        We, being the arbitrators appointed to review and determine this matter in accordance with the Code of Arbitration of National Futures Association deny Alaron Trading Corporation's Motion for Summary Judgment and grant Claimant's Motion for Default. We hereby determine that the following relief shall be granted.

        Comtrust, Inc., Corporate Commodities, Inc, Protrade Futures & Options, and Mitchell Goldberg are jointly and severally liable for the following award and shall pay to John T. Bell:

| | | |
|---|---|---|
| Compensatory Damages | $ | 594,292.00 |
| Punitive Damages | $ | 0.00 |
| Treble Damages | $ | 0.00 |
| Interest | $ | 0.00 |
| Attorney's Fees | $ | 0.00 |
| Other Costs | $ | 0.00 |
| Total Amount of Award | $ | 594,292.00 |

*Exhibit A*

All other relief requested is hereby denied, and each party shall bear its own costs and fees as incurred.

_____     Date: <u>December 10, 2007</u>
Daniel Formeller, Chairman


_____     Date: <u>December 10, 2007</u>
Mark I. Dunaevsky, Arbitrator


_____     Date: <u>December 10, 2007</u>
Timothy J. Lankford, Arbitrator



## NATIONAL FUTURES ASSOCIATION

| | |
|---|---|
| In the Matter of the Arbitration Between | ) |
| | ) |
| John T. Bell, | ) |
|            Claimant, | )  AWARD |
| | ) |
|     v. | ) |
| | ) |
| Alaron Trading Corporation, | ) |
| Comtrust, Inc., Protrade Futures & Options, | ) |
| Corporate Commodities, Inc, and | ) |
| Mitchell Goldberg, | ) |
|            Respondents. | ) |

Re:   06-ARB-61

       The following issues were presented to and decided by the undersigned arbitrators: Breach of Contract, Breach of Fiduciary Duty, Negligent Misrepresentation, Failure to Supervise, Fraud, Violations of the CEA 7 U.S.C. Section 1, et al., Violation of NFA Compliance Rules 2-2 and 2-4, Violation of Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2, Claimant's Motion for Default against Mitchell Brad Goldberg, Protrade Futures & Options, and Corporate Commodities, Inc., Claimant's request for punitive damages, interest, costs and attorney's fees, Alaron Trading Corporation's Motion for Summary Judgment against John T. Bell, and Respondents' request for costs and attorney's fees.

       At the end of the Claimant's case in chief, Respondents Alaron Trading Corporation and Comtrust, Inc. each raised Motions for Directed Verdict. After hearing oral argument and reviewing post hearing briefs from the Claimant and Respondents, the Panel hereby grants the Motion with respect to Alaron Trading Corporation only. Therefore, John Bell's claims against Alaron Trading Corporation are denied and dismissed with prejudice.

       We, being the arbitrators appointed to review and determine this matter in accordance with the Code of Arbitration of National Futures Association deny Alaron Trading Corporation's Motion for Summary Judgment and grant Claimant's Motion for Default. We hereby determine that the following relief shall be granted.

       Comtrust, Inc., Corporate Commodities, Inc, Protrade Futures & Options, and Mitchell Goldberg are jointly and severally liable for the following award and shall pay to John T. Bell:

| | | |
|---|---|---|
| Compensatory Damages | $ | 594,292.00 |
| Punitive Damages | $ | 0.00 |
| Treble Damages | $ | 0.00 |
| Interest | $ | 0.00 |
| Attorney's Fees | $ | 0.00 |
| Other Costs | $ | 0.00 |
| Total Amount of Award | $ | 594,292.00 |

Case 1:07-cv-07006    Document 17    Filed 12/17/2007    Page 8 of 14

 

 

 

 

 

 

 

All other relief requested is hereby denied, and each party shall bear its own costs and fees as incurred.

 

 

 

 

| | |
|---|---|
| _____<br>Daniel Formeller, Chairman | Date: <u>December 10, 2007</u> |
| *Mark I. Dunaevsky* _____<br>Mark I. Dunaevsky, Arbitrator | Date: <u>December 10, 2007</u> |
| _____<br>Timothy J. Lankford, Arbitrator | Date: <u>December 10, 2007</u> |



## NATIONAL FUTURES ASSOCIATION

In the Matter of the Arbitration Between )
                                         )

John T. Bell, )
                         Claimant, )

                                         )           AWARD

              v. )
                                         )

Alaron Trading Corporation, )
Comtrust, Inc., Protrade Futures & Options, )
Corporate Commodities, Inc, and )
Mitchell Goldberg, )
                     Respondents. )

Re:   <u>06-ARB-61</u>

      The following issues were presented to and decided by the undersigned arbitrators:  Breach of Contract, Breach of Fiduciary Duty, Negligent Misrepresentation, Failure to Supervise, Fraud, Violations of the CEA 7 U.S.C. Section 1, et al., Violation of NFA Compliance Rules 2-2 and 2-4, Violation of Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2, Claimant's Motion for Default against Mitchell Brad Goldberg, Protrade Futures & Options, and Corporate Commodities, Inc., Claimant's request for punitive damages, interest, costs and attorney's fees, Alaron Trading Corporation's Motion for Summary Judgment against John T. Bell, and Respondents' request for costs and attorney's fees.

      At the end of the Claimant's case in chief, Respondents Alaron Trading Corporation and Comtrust, Inc. each raised Motions for Directed Verdict.  After hearing oral argument and reviewing post hearing briefs from the Claimant and Respondents, the Panel hereby grants the Motion with respect to Alaron Trading Corporation only.  Therefore, John Bell's claims against Alaron Trading Corporation are denied and dismissed with prejudice.

      We, being the arbitrators appointed to review and determine this matter in accordance with the Code of Arbitration of National Futures Association deny Alaron Trading Corporation's Motion for Summary Judgment and grant Claimant's Motion for Default.  We hereby determine that the following relief shall be granted.

      Comtrust, Inc., Corporate Commodities, Inc, Protrade Futures & Options, and Mitchell Goldberg are jointly and severally liable for the following award and shall pay to John T. Bell:

| | | |
|---|---|---:|
| Compensatory Damages | $ | 594,292.00 |
| Punitive Damages | $ | 0.00 |
| Treble Damages | $ | 0.00 |
| Interest | $ | 0.00 |
| Attorney's Fees | $ | 0.00 |
| Other Costs | $ | 0.00 |
| Total Amount of Award | $ | 594,292.00 |

All other relief requested is hereby denied, and each party shall bear its own costs and fees as incurred.

_____          Date: <u>December 10, 2007</u>
Daniel Formeller, Chairman


_____          Date: <u>December 10, 2007</u>
Mark I. Dunaevsky, Arbitrator


_____          Date: <u>December 10, 2007</u>
Timothy J. Lankford, Arbitrator

# ARBITRATION AGREEMENT

THREE FORUMS EXIST FOR THE RESOLUTION OF COMMODITY DISPUTES: CIVIL COURT LITIGATION, REPARATIONS AT THE COMMODITY FUTURES TRADING COMMISSION (CFTC) AND ARBITRATION CONDUCTED BY A SELF-REGULATORY OR OTHER PRIVATE ORGANIZATION.

THE CFTC RECOGNIZES THAT THE OPPORTUNITY TO SETTLE DISPUTES BY ARBITRATION MAY IN SOME CASES PROVIDE MANY BENEFITS TO CUSTOMERS, INCLUDING THE ABILITY TO OBTAIN AN EXPEDITIOUS AND FINAL RESOLUTION OF DISPUTES WITHOUT INCURRING SUBSTANTIAL COSTS. THE CFTC REQUIRES, HOWEVER, THAT EACH CUSTOMER INDIVIDUALLY EXAMINE THE RELATIVE MERITS OF ARBITRATION AND THAT YOUR CONSENT TO THIS ARBITRATION AGREEMENT BE VOLUNTARY.

BY SIGNING THIS AGREEMENT, YOU:

(1) MAY BE WAIVING YOUR RIGHT TO SUE IN A COURT OF LAW, AND

(2) ARE AGREEING TO BE BOUND BY ARBITRATION OF ANY CLAIMS OR COUNTERCLAIMS WHICH YOU OR COMTRUST ("COMTRUST") MAY SUBMIT TO ARBITRATION UNDER THIS AGREEMENT YOU ARE NOT, HOWEVER, WAIVING YOUR RIGHT TO ELECT INSTEAD TO PETITION THE CFTC TO INSTITUTE REPARATIONS PROCEEDINGS UNDER SECTION 14 OF THE COMMODITY EXCHANGE ACT WITH RESPECT TO ANY DISPUTE WHICH MAY BE ARBITRATED PURSUANT TO THIS AGREEMENT, IN THE EVENT A DISPUTE ARISES. YOU WILL BE NOTIFIED IF COMTRUST INTENDS TO SUBMIT THE DISPUTE TO ARBITRATION. IF YOU BELIEVE A VIOLATION OF THE COMMODITY EXCHANGE ACT IS INVOLVED AND IF YOU PREFER TO REQUEST A SECTION 14 "REPARATIONS" PROCEEDING BEFORE THE CFTC, YOU WILL HAVE 45 DAYS FROM THE DATE OF SUCH NOTICE IN WHICH TO MAKE THAT ELECTION.

YOU NEED NOT SIGN THIS AGREEMENT TO OPEN AN ACCOUNT WITH COMTRUST. (See 17CFR 180.1 - 180.5)

| x _John T. Bee_ | x _____ | x _6/18/05_ |
| (Signature) | Joint Owner Signature, if any | Date |

---

# JOINT ACCOUNT AGREEMENT

If this account is held by more than one person or entity, all of the Joint Owners agree to be jointly and severally liable for the obligations assumed in the Commodity Customer Agreement. Further, any one or more of the Joint Owners, shall have full authority to act on behalf of the joint account as if (s)he alone were interested therein, all without notice to the others interested in said account and all for the account and risk of all Joint Owner's. Such authority shall include, but not be limited to:

(a) To buy, sell and trade in commodities (as such term is defined in the Commodity Customer Agreement) for present future delivery, on margin or otherwise, the power to sell including the power to sell "short";
(b) To deposit with and withdraw from ComTrust money, commodities, contracts for the purchase or sale of commodities, checks and other negotiable instruments, securities or other property;
(c) To receive and acquiesce in the correctness of notices, confirmations, requests demands and communications of every kind;
(d) To enter into a Commodity Customer Agreement;
(e) To settle, compromise, adjust and give releases with respect to any and all claims, demands, disputes and controversies, pending or contingent;
(f) To make other agreements and take any other action relating to any of the foregoing matters, including but no limited to the grant of discretionary trading authority to other individuals or entities.
Further, each Joint Owner hereby appoints each and every other Joint Owner as his/her agent and confers upon every other Joint Owner and each of them, the broadest possible power with respect to the above grants of authority; and each Joint Owner agrees to indemnify and hold ComTrust harmless, against any and all claims that may arise by reason of its following any directions, instructions and orders given to it by any Joint Owner in respect of this account.

All property of any one or more of the Joint Owners held or carried by ComTrust shall be held as collateral security and with a general lien thereon for the payment of all debits, losses or expenses incurred in the joint account and vice versa, however arising. In the event of death or legal incapacity of any of the Joint Owners, the survivor(s) immediately shall give ComTrust notice and ComTrust may, before or after receiving such notice, take such action, require such documents, retain such assets and/or restrict transactions as ComTrust deems advisable, in its sole and absolute discretion, to protect itself. Liability of the Joint Owners hereunder shall pass to any estate or personal representative of the Joint Owners. This joint account is (with) (without) (strike one) right of survivorship. "Without rights of survivorship" means upon death of any of the Joint Owners and upon liquidation of all positions, ComTrust will separate the joint account into equal shares or such other shares as all Joint Owners shall have notified ComTrust in writing, as nearly as may be possible in the Joint Owners respective names. "With right of survivorship" means upon death of any of the Joint owners, the survivor(s) shall be vested with this joint account, subject to notice and liability as aforesaid. If no instruction is given above, the account shall he deemed Joint Tenants with Right of Survivorship.

**THIS SECTION MUST BE SIGNED FOR ALL JOINT ACCOUNTS.**

| x _____ | x _____ |
| JOINT OWNER SIGNATURE | JOINT OWNER SIGNATURE |

_Exhibit B_

B 0042



NATIONAL FUTURES ASSOCIATION

March 22, 2007

Mr. James L. Kopecky, P.C.
321 N. Clark Street
Suite 2200
Chicago, Illinois 60610

Mr. Howard Prossnitz
Law Offices of Birndorf & Birndorf
200 West Madison
Suite 2670
Chicago, Illinois 60606

Mr. Gary Sinclair
Attorney at Law
2043 North Mohawk
Chicago, Illinois 60603

Mr. Daniel Lazarus
Alaron Trading Corporation
822 West Washington
Chicago, Illinois 60607

Re: 06-ARB-61 – Bell v. ProTrade Futures & Options, et al.

Dear Messrs. Kopecky, Prossnitz, Sinclair, and Lazarus:

        NFA has scheduled the arbitration hearing for:

Date:        August 7, 2007            Time:   9:00 a.m. each day
             August 8, 2007

Address:     National Futures Association
             200 West Madison Street
             Suite 1600
             Chicago, Illinios 60606

Before:      Daniel Formeller, Chairperson
             Mark Dunaevsky
             Timothy Lankford

        Please attend promptly with your witnesses and be prepared to present your evidence. The Arbitrators have arranged their schedules to hear this matter so it is important for everyone to appear on the date scheduled. If you find it necessary to ask for a postponement of the hearing, you must submit a written request to NFA and include a $250 fee. NFA will forward your postponement request to the Panel, and will promptly notify you of the decision.

        Section 8(b) of the Code requires you to provide the other party with copies of all documents you will introduce into evidence at the hearing as part of your direct case. You must exchange those documents by, July 20, 2007 and serve four copies of the documents on NFA. You do not need to resubmit any documents that you previously provided to NFA.

        Furthermore, Section 8(c) of the Code requires you to cooperate with NFA in preparing a written hearing plan. A hearing plan summarizes each claim, Answer and any

*Exhibit C*



-2-

Reply; identifies any facts the parties have agreed to; identifies the factual and legal issues in dispute; and lists the witnesses and exhibits the parties will present at the hearing. The parties should confer with each other and prepare a joint hearing plan that is agreeable to both sides, which must be served on NFA by July 9, 2007. If you cannot agree to a joint plan, separate plans are due by this date.

I have enclosed a sample of the format you should follow when preparing the hearing plan. I am also available to assist the parties in development of a plan if needed.

Before the hearing, NFA will administer an oath of fairness and impartiality to each Arbitrator, and he/she will review all documents the parties have submitted. The typical hearing procedure is as follows:

The parties and the witnesses will be sworn.

Each party will have the opportunity (but not the obligation) to make a brief opening statement summarizing what it intends to prove.

Each party will have the opportunity to present witnesses and documentary evidence, to question the opposing party's witnesses, and to object to any evidence before it is admitted.

Any other claims will be presented. Again, each party may present witnesses and documents, question the opposing party's witnesses, and object to any evidence before it is admitted.

Each party will have the opportunity to present a brief closing statement commenting on the testimony and evidence introduced at the hearing. The closing statement should not include any new evidence.

The parties will be asked to affirm that they have no further proof or additional witnesses to offer.

The hearing will be closed unless the Panel asks for briefs or additional information.

Finally, the arbitrators have broad authority to take sanctions against a party who fails to comply with the Code provisions cited above. See Section 8(d) of the Code. Therefore, it is in your best interest to cooperate in these pre-hearing matters. Furthermore, you should notify NFA immediately if any party is failing to cooperate in exchanging documents or preparing the hearing plan.



-3-

If you have any questions, please contact me at (312) 781-1481.

Sincerely,

Heather A. Cook
Senior Case Analyst

hab/0661hear

Enclosures

cc:    Daniel Formeller (w/o enc.)
       Mark Dunaevsky (w/o enc.)
       Timothy Lankford (w/o enc.)