**NATIONAL FUTURES ASSOCIATION**

Defendant's Exhibit A

## Arbitration Claim – Under the NFA Code of Arbitration

Before completing this form, carefully read NFA's Code of Arbitration and customer arbitration publications to ensure you understand the arbitration process and your responsibilities as a party.

**Part I – Claimant Information** - A Claimant is the person who believes he/she is owed money. For a joint account, everyone who is listed on the account should be named as a Claimant. For a partnership, corporation or other entity, the entity should be listed as the Claimant. The Claimant or the Claimant's representative should complete this claim form.

Date: May 26, 2006

    Name of Claimant(s):    John T. Bell

Home Address
    Street:    4 N 009 Thornapple Road

    City:    St. Charles
    State:    Illinois
    Zip Code:    60174
Home phone:    630-584-6048
Business Address
    Street:

    City:
    State:
    Zip Code:
Business phone:
Fax:
E-mail Address:

Will the Claimant(s) be represented by an attorney or other representative? x Yes ☐ No

If yes, please complete the following:

    Name of attorney or representative:    James L. Kopecky

    Firm:    James L. Kopecky, P.C.
    Address
        Street:    321 N. Clark Street
            Suite 2200
        City:    Chicago
        State:    Illinois
        Zip Code:    60610
    Phone:    312-527-3966
    Fax:    312-527-3968
    E-mail Address:    jim@jlkopecky.com

Which of the following describes the attorney or representative? (Check only one.)
x Attorney                                                ☐ Non-Attorney
    States admitted to practice: Illinois          Relationship:
    Bar No.: 6225359                                 ☐ Officer, Partner, or Employee
                                                                  ☐ Family Member, or
                                                                   ☐ Other (specify)

## Part II – Claim Information

A Respondent is the firm(s) and/or individual(s) that you believe are responsible for the loss and want to recover money from. Please list each Respondent below. ANYONE YOU DO NOT NAME HERE IS NOT A RESPONDENT, WHICH MEANS YOU CANNOT RECOVER MONEY FROM THAT PERSON.

Name of Respondent:      ProTrade Futures & Options

2999 N.E. 191 Street
Suite 601
Aventura
Florida
33180

Name of Respondent:      ComTrust, Inc.
Address
  Street:                    2999 N.E. 191 Street
                            Suite 601
  City:                      Aventura
  State:                   Florida
  Zip Code:           33180
Phone:
E-mail Address:

Name of Respondent:      Mitch Golberg
Address
  Street:                    4000 Hollywood Blvd.
                            Ste. 370-N
  City:                      Hollywood
  State:                   Florida
  Zip Code:           33021
Phone:                          954-989-9938
E-mail Address:

Name of Respondent:      Corporate Commodities, Inc.
Address
  Street:                    9050 Pines Blvd.
                            Ste 415
  City:                      Pembroke Pines

State:                Florida
Zip Code:             33024
Phone:
E-mail Address:

1. Give the dates of the acts or transactions that are the subject of the dispute: June 2005 – March 2006

2. Give the date the Claimant(s) first knew that a dispute existed. Please indicate the specific *month, day and year.* (It is not enough to provide a time period. Failure to properly answer this question will delay the claim.)   Month: April Day: 01 Year: 2006

3. What is the claim amount? You must include all amounts you want to recover, including punitive and treble damages. You should not, however, include interest, costs, attorney's fees and other expenses in the claim amount. You should request them under Question 7.

   Claim Amount: $793,595

   Explain how you calculated this amount: $575,932 in commissions and fees plus trading losses of $217,663.00.

4. Review this table to determine the amount of filing fees owed and enter that amount here. Filing Fees: $1,550.00

   | If the claim amount is : | The filing fee is : |
   |---|---|
   | $      0.00 -   2,500.00 | $    50.00 |
   | $  2,500.01 -   5,000.00 | $  100.00 |
   | $  5,000.01 - 10,000.00 | $  150.00 |
   | $ 10,000.01 - 15,000.00 | $  175.00 |
   | $ 15,000.01 - 25,000.00 | $  200.00 |
   | $ 25,000.01 - 50,000.00 | $  300.00 |
   | $ 50,000.01 -150,000.00 | $ 550.00 plus 1% of the excess over $50,000.00 |
   | more than $150,000.00 | $1,550.00 |

5. Review this table to determine the amount of hearing fees owed and enter that amount here. (These fees apply to both oral hearings and summary proceedings.) Hearing Fees: $5,100.00

   | If the claim amount is : | The hearing fee is : |
   |---|---|
   | $      0.00 -  25,000.00 | $   125.00 |
   | $ 25,000.01 -  50,000.00 | $   275.00 |
   | $ 50,000.01 - 150,000.00 | $ 1,275.00 |
   | $150,000.01 - 500,000.00 | $ 2,550.00 |
   | more than $500,000.00 | $ 5,100.00 |

6. Determine your total fees by adding the filing and hearing fee amounts. Enter this amount below and either pay the fee electronically or send a check or money order for this amount.

3

Total Fees: $6,650.00

7. Do you also request interest, costs, attorney's fees and other expenses incurred as part of the arbitration proceeding? x Yes ☐ No

   If yes, please describe: Interest at the Illinois Pre-Judgment Interest statutory rate of 5%, costs of filing this lawsuit and attorneys fees as recoverable under common law and the under the Illinois Consumer Fraud and Deceptive Practices Act.

8. Describe the basis for the claim as completely as possible. Explain what happened, when it happened, what you believe went wrong, who is to blame and why. YOU MUST EXPLAIN WHY YOU HAVE NAMED EACH RESPONDENT LISTED IN PART II.

**Introduction**

This action arises out of an egregious fraud perpetrated upon a trusting, unsuspecting 80 year old retired person. In the short time frame between June 2005 and December 2005 Respondents, collectively, charged Mr. Bell $391,560.00 in trade commissions and $184,372.00 in miscellaneous trading fees while simultaneously causing him to lose additional $217,663.00 through unauthorized, fraudulent, and speculative and unsuitable trading in futures and options contracts. Incredibly, Respondents executed only 20 total clusters of trades, charged almost $600,000.00 in fees and costs for those trades – approximately $30,000 per cluster - and lost an additional $217,000.00 causing damage to Mr. Bell's retirement asset in the total amount of $793,595.00.

**Factual Background**

In June 2005, Mr. Bell's acquaintance introduced him to Respondent Mitchell Goldberg of ProTrade Futures and Options. Mr. Goldberg suggested that Mr. Bell invest in Florida orange juice futures as the industry had been badly hurt by hurricanes in the area and more severe weather was expected. Mr. Goldberg represented himself to Mr. Bell as a sophisticated, knowledgeable, and experienced investor. He spun a nice tale of hurricanes and orange juice options and convinced Mr. Bell to begin investing. Respondent Goldberg provided literature to Mr. Bell indicating that orange juice futures prices would dramatically rise and convinced Mr. Bel that he should take advantage of this rise. Respondent Goldberg arranged for Mr. Bell to open an account at ComTrust, which, Mr. Bell did at Mr. Goldberg's direction. Mr. Bell completed paperwork Mr. Goldberg said was necessary to participate in this profitable industry. Respondent Goldberg did not review or investigate Mr. Bell's background, other than to determine that he had a retirement account available with an approximate value of $1 million dollars; that he had an annual income of approximately $25,000.00; and that he had owned stocks for approximately 12 years: a background for which this level of options and futures trading is patently unsuitable.

Mr. Bell completed the paperwork provided by ComTrust and additional paperwork provided by ProTrade Futures and Options, including a document entitled "For Our Mutual Protection" indicating that the account executive would be available to make recommendations and would be there to assist. Well, Mr. Goldberg didn't make recommendations. Rather, he engaged in an ambitious course of trading that included far more than orange juice. Without Mr. Bell's authorization Goldberg began trading in bond, crude oil, cocoa, cotton and natural gas futures. Incredibly, Goldberg simultaneously bought and sold huge numbers of call/put options on the same commodity such that the option premium earned on option sales almost exactly offset the option premium paid on option purchases. However, the large numbers of options traded gave rise to the enormous commissions and fees. Incredibly, Respondent Goldberg's strategy did not seek to take advantage of the expected orange juice futures rise. Instead, to the extent he employed a strategy it was market neutral and commission excessive. Respondent Goldberg, in concert with the other Respondents, allowed the majority of the options purchased to expire worthless. Often, the options sold were exercised, causing Golberg to sell futures contracts at unattractive prices. In other words, Respondents did nothing to manage the risk of

4

the positions they created but did everything they could to generate enormous fees and commissions.

During this time, Corporate Commodities, Inc. took over from ProTrade Futures and Options, and later ComTrust took over for Corporate Commodities, Inc., and ComTrust had acted as the clearing firm throughout. Mr. Bell did not understand the few communications he received timely and immediately tried to contact Mr. Goldberg for clarification. Each time, he was met with the same response, "he is not available. I will give you his voice mail." Respondent Goldberg did, from time to time return calls but refused any reasonable discussions. Nonetheless, Respondents continued to request additional funds. Eventually, approximately November 2005, Goldberg left CCI and left Bell's account. ComTrust then demanded an additional sum of money, more than $160,000.00, from Bell to "settle" his account. Most egregious, in April 2006, after collecting its $160,000 from Bell, ComTrust attempted to bully Mr. Bell into signing a Release Agreement giving up all his claims in exchange for $10,000 credited to his account. When Mr. Bell hesitated, ComTrust repeatedly called him to attempt to coerce him to sign away his rights after already signing away his retirement.

### Violations
Each of the Respondents acted in concert with each other. Each of the Respondents willfully aided and abetted actions of the other Respondents. Each of the Respondents violated, among other rules and regulations, the Commodities Exchange Act 7 U.S.C. Section 1 et al.; Rule 2-2 of the National Futures Associations Compliance Rules; Rule 2-4 of the National Futures Association Compliance Rules; the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2 et seq; breached their fiduciary duties to Bell ; breached their contract with Bell; and engaged in common law fraud.

### Relief Requested
Respondents' actions caused Bell damages in the amount of $793,595.00 plus lost opportunity, interest, attorney's fees and costs. Further, the egregious nature of the Respondents' actions and the need to deter others and punish Respondents, suggest that an order of punitive damages is appropriate.

## Part III - Panel Composition and Proceeding Information

| If the claim amount is: | The number of arbitrators is: | And the proceeding type is: |
|---|---|---|
| $    0.00 - 5,000.00 | 1 | Summary |
| $ 5,000.01 - 25,000.00 | 1 | Summary unless a party requests an oral hearing |
| $25,000.01 - 50,000.00 | 1 (or 3 if a party or arbitrator asks NFA to appoint 2 additional arbitrators) | Oral Hearing |
| More than $50,000.00 | 3 | Oral Hearing |

The claim amount determines the proceeding type (summary or oral hearing) and the number of arbitrators on the panel (one or three). If you are a customer, NFA will appoint a Member panel to decide your case unless you request a non-Member panel. By selecting a non-Member panel, the arbitrator on a one-arbitrator panel will have no connection with NFA Members or Associates. If there will be three arbitrators, the chairperson and one other arbitrator will have no connection with NFA Members or Associates. On a Member panel, all the arbitrators (one or three) will be NFA Members or individuals connected with NFA Members and Associates.

1. Do you want a non-Member panel?  x Yes  ☐ No

2. Is the claim more than $5,000.00?   x Yes  ☐ No   If no, go to Question 5.

3. Site Selection – In case an oral hearing is necessary, enter two cities for NFA to consider when selecting the hearing location.

   1st Choice:  Chicago

   2nd Choice: Ft. Lauderdale

4. Will you bring any witnesses?  x Yes  ☐ No   If yes, complete the following:

   Name of Witness:         Expert Witness to be named
   Current Employer:

   Name of Witness:         Claimant
   Current Employer:

   Name of Witness:
   Current Employer:

5. Please list all documents that you intend to use to support the claim. You can send these documents to us by e-mail, fax or mail.

   (If you choose to e-mail your supporting documentation, please include it as a Word, Excel, or PDF attachment and send it to arbitrationdocumentation@nfa.futures.org . You should also include "Arbitration Claim Supporting Documentation" as the subject line of your e-mail.)

**Documents**

| # | Description | Will be sent by | No. of Pages |
|---|---|---|---|
| 1. | Individual Information Form | Claimant's attorney | 1 |
| 2. | Table 1 – Cash Flow Analysis | Claimant's attorney | 6 |
| 3. | Table 2- Transaction Outcome Analysis | Claimant's attorney | 6 |
| 4. | Settlement and Mutual Release Agreement | Claimant's attorney | 3 |
| 5. | | --Select from list-- | |
| 6. | | --Select from list-- | |
| 7. | | --Select from list-- | |

8.                                                        --Select from list--

9.                                                        --Select from list--

10.                                                       --Select from list--

## Part IV – Final Agreement and Attestation

I (We), the undersigned Claimant(s), state that I (we) have read the rules of NFA relating to arbitration and hereby submit the present matter in controversy (as set forth in the attached Arbitration Claim, answers, replies and any other claims that may be asserted) to arbitration in accordance with the Bylaws and Rules of NFA.

I (We) understand that by submitting to arbitration at NFA, I (we) may be waiving the right to sue in a court of law, file a reparations claim at the Commodity Futures Trading Commission, or arbitrate this claim in another forum.

I (we) agree to abide by and perform any award(s) rendered pursuant to this arbitration proceeding and understand that a judgment and any interest due thereon may be entered upon such award(s) and, for these purposes, I (we) voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction that may properly enter such judgment.

Further, I (we) certify that the statements set forth in this pleading are true and correct. For matters stated on information and belief, I (we) certify that I (we) believe the information to be true.

DATE: May 30, 2006

NAME: John T. Bell

SIGNATURE: _John T. Bell_

Once you have completed this claim form, you may submit it to NFA one of three ways.

1. **E-mail it.** This form may be sent to NFA at the e-mail address below. You must print page 7, sign it and mail it to NFA. You must pay the filing and hearing fees associated with your claim, either electronically or by mailing a check or money order to NFA within 5 days. To pay electronically, you must first obtain a username and password by calling the Arbitration Department at (877) 731-5300. Supporting documents must also be submitted within 5 days by fax, e-mail or mail.

2. **Fax it.** This form may be printed out, signed and faxed to the number below. You must pay the filing and hearing fees associated with your claim, either electronically or by mailing a check or money order to NFA within 5 days. To pay electronically, you must first obtain a username and password by calling NFA's Arbitration Department at (877) 731-5300. Supporting documents must also be submitted within 5 days by fax, e-mail or mail.

3. **Mail it.** This form must be printed out, signed, and mailed to the address below along with your supporting documents and a check or money order for the total fee.

|  |  |
|---|---|
| E-mail Address: | arbitration@nfa.futures.org |
| Fax Number: | 312-658-4111 |
| Mailing Address: | National Futures Association<br>200 West Madison, Suite 1600<br>Chicago, IL 60606-3447<br>Attn: Arbitration Department |

If you have any questions, please call NFA's Arbitration Department at (877) 731-5300.

**INDIVIDUAL INFORMATION FORM** (if joint account, all joint owners must complete an information form)

PF-10404

| NAME | DATE OF BIRTH |
|---|---|
| John T. Bell | 5/8/26 |

COMPLETE RESIDENCE ADDRESS
4N009 Thornapple Rd
St Charles IL
60174

RESIDENCE PHONE (include area code) 630-584-6048
CELLULAR PHONE —
E-MAIL ADDRESS JTBELL678@JUNO.COM

RIOMG - 27,000 CK
PF-10404
RIOMG 27K P/CK

ADDRESS FOR NOTICES (Only if different from residence address)

EMPLOYER'S NAME AND ADDRESS
Retired

BUSINESS PHONE (include area code) —

NATURE OF EMPLOYER'S BUSINESS (if self-employed, list nature of self-employment) —

POSITION HEAD/TITLE

IF MARRIED, LIST SPOUSES OCCUPATION AND EMPLOYER
Housewife

| BANK REFERENCE AND CONTACT PERSON | ACCOUNT NUMBER | BANK PHONE |
|---|---|---|
| Harris Bank | 0000 5700247324 | 630-377-4100 |

IF ACCOUNT IS TRADED BY OTHER THAN ACCOUNT OWNER, POWER OF ATTORNEY FORMS ARE REQUIRED.

ANNUAL INCOME ___ Under $25,000;  ✓ 25K - 50K; ___ 50K - 75K; ___ 75K - 100K; ___ 100K - 250K; ___ Over 250K

NET WORTH ___ Under $25,000; ___ 25K - 50K; ___ 50K - 75K; ___ 75K - 100K; ___ 100K - 200K; ___ 200K - 500K; ___ 500K - 1 MIL; ✓ 1 MIL - 5 MIL; ___ 5 MIL - 10MIL; ___ Over 10 MIL

PAST INVESTMENT EXPERIENCE:
Years Experience — Commodity Futures ___
Commodity Options ___
Years Experience — Stocks/Bonds 12
Other: (list) ___

Do you now, or did you ever participate in a commodities account? If Yes, please indicate the firm that carried the account and whether the account is open or closed.  No

If you control or have a financial interest of ten (10) per cent or more in any other commodity account at ComTrust, indicate other accounts:  None

What is your investment purpose in opening this account? ☒ Speculation ☐ Hedging
What is your expected trading pattern?  ☒ Futures ☒ Options ☒ Both
What markets are you interested in trading? ☒ All ☐ Grains ☐ Energies ☐ Financials ☐ Metals ☐ Equities ☐ Other, Specify

Are you or your spouse exchange members or registered with the Commodity Futures Trading Commission ("CFTC") or the Securities Exchange Commission ("SEC") in any capacity? If YES, state exchange membership and/or registration status; also, employer authorization may be required. YES ___ NO X

REQUEST FOR TAX PAYER IDENTIFICATION NUMBER    I CERTIFY UNDER PENALTIES OF PERJURY THAT:
Enter: Social Security Number  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

(1) The number shown above is my correct taxpayer identification number (or, if marked "applied for", I am waiting for a number to be issued to me), and
(2) I am not subject to backup withholding because I am exempt from backup withholding or I have not been notified by the IRS that I am subject to backup withholding due to a failure to report all interest or dividends or the IRS has notified me that I am no longer subject to backup withholding.
(CROSS OUT ITEM NUMBER (2) IF YOU ARE SUBJECT TO BACKUP WITHHOLDING); OR

NON-U.S. CITIZENS. if this line _____ is initialed. I am a NON U.S. Citizen and NON U.S. Resident and I have not been, and do not plan to be in the U.S. for more than 183 days during any calendar year and am not engaged, and do not plan to be engaged during the year, in a U.S. trade or business that has effectively connected gains from such transactions or my country of citizenship has a tax treaty with the U.S. that exempts transactions from U.S.

RECD JUN 22 2005
OFAC

SIGNATURE X  John T. Bell                    DATE X 6/13/05