Defendant's Exhibit E

BEFORE THE
NATIONAL FUTURES ASSOCIATION

JOHN T. BELL,

    Claimant,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　NFA Case No. 06-ARB-61

ALARON TRADING CORPORATION, et al.

    Respondents.
_____/

## RESPONDENT COMTRUST'S PETITION FOR MODIFICATION OF AWARD

Pursuant to § 10(c) of the National Futures Association's ("NFA") Code of Arbitration, Respondent Comtrust, Inc. ("Comtrust") respectfully requests that the Arbitration Panel (the "Panel") appointed to determine the above-captioned matter modify the Award issued on December 10, 2007 (the "Award," Ex. A hereto). First, the compensatory damages awarded "joint and severally" against Comtrust to Claimant John Bell ("Claimant") represents, on the face of the Award, an evident miscalculation of damages. Second, the Panel decided issues not properly submitted to it in arbitration. Under these circumstances, a modified Award under § 10(c) is necessary.

### BACKGROUND

Claimant brought an NFA Arbitration Claim in May 2006 directed at the alleged sales practices of Claimant's broker, Mitch Goldberg. *See* NFA Arbitration Claim, Ex. B hereto. Claimant sued Goldberg, the two introducing brokers Goldberg worked for, ProTrade and Corporate Commodities (the "IBs"), and the FCMs that cleared the trades, Alaron Trading and Comtrust. Claimant asked for nearly $800,000 in supposed out of pocket losses, about $575,000 of which allegedly represented "commissions and fees." In the original Claim, Claimant alleged

1

supposed violations of the "Commodity Exchange Act 7 U.S.C. 1 et al.," and the "Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2 et seq.," among other theories. *Id*.

In September 2006, Claimant moved for leave to file an amended Statement of Claim, which NFA granted. The amended Statement of Claim, Ex. C hereto, alleged five counts: breach of Claimant's customer agreement, breach of fiduciary duty, negligent misrepresentation, negligence/failure to supervise, and fraud. The amended statement of Claim alleged no particular claim under any section of the Commodity Exchange Act ("CEA") or Illinois' fraud statute.

It was undisputed throughout the arbitration that the IBs made all the trade recommendations and received all the commissions (with only a relatively low per trade clearing fee charged by Comtrust). The claim against Comtrust thus depended entirely on the contention that the IBs were Comtrust's agents, a contention Comtrust vigorously contested.

Following a final hearing and written closing arguments from the parties, the Panel issued its written Award. The Panel identified the issues it considered and decided, writing in pertinent part:

> The following issues were presented to and decided by the undersigned arbitrators: Breach of Contract, Breach of Fiduciary Duty, Negligent Misrepresentation, Failure to Supervise, Fraud, Violations of the CEA 7 U.S.C. Section 1, et al., Violation of NFA Compliance Rules 2-2 and 2-4, Violation of Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2 . . . [and] Claimant's request for punitive damages, interest, costs and attorneys fees . . . .

*See* Ex. A hereto. The Panel then found Mitch Goldberg (who defaulted), the IBs, and Comtrust "jointly and severally liable" for an award of "compensatory damages" in the amount of

2

$594,292.[1] Claimant received no other relief. The amount of compensatory damages approximates the alleged amount of commissions and fees charged almost entirely by the IBs to Claimant's trading account.

For the reasons explained below, Comtrust respectfully requests that the portion of the Award making it jointly and severally liable with the IBs for compensatory damages be modified.

## ARGUMENT

Section 10(c) of the NFA Code of Arbitration sets forth specific grounds upon which a party may request that an arbitration award be modified. Specifically, § 10(c) states:

> [t]he award may be modified by the Panel if a party submits a written request for modification which is received by NFA within 20 days from the date of service of the award on the parties, and the Panel deems modification necessary because:
>
> (1) there is an evident miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award;
>
> (2) the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or
>
> (3) the award is imperfect in matter of form not affecting the merits of the controversy.

In this case, the award must be modified because there is an evident miscalculation in the joint and several award against Comtrust and because the Panel has awarded upon matters not submitted to it.

### I. The Award Miscalculates Damages Against Comtrust.

The compensatory damages Award approximates Claimant's commissions and fees. In fact, Comtrust received only a $17.00 per trade clearing fee from Claimant's trading – roughly

---

[1] The other FCM Respondent, Alaron Trading, was dismissed.

3

$96,900.00 total from all of Claimant's trading.  Comtrust, after paying clearing fees, netted only $45,600.00 on the approximately 5,700 contracts traded. Since Comtrust made no trade recommendations, had none of the alleged fraudulent communications with Claimant, and all the commissions and remaining fees went to the IBs (who set their own commission rates), Comtrust's clearing fees represent Claimant's maximum damages proximately related to Comtrust's alleged activities as a clearing firm. Yet, the Award makes Comtrust liable, jointly and severally with the IBs and their AP, for the apparent total amount commissions and fees from Claimant's trading – nearly $600,000, virtually all of which went to the IBs.  This in itself is a miscalculation of damages against Comtrust.

The only theory that could have made Comtrust jointly and severally liable for commissions and fees paid to the IBs (or any other out of pocket damages Claimant suffered as a result of the IBs' alleged actions) is a principal/agent claim.  However, no theory of agency is included among the matters the Panel identified in the Award as having considered and decided. *See* Ex A hereto (identifying "Breach of Contract, Breach of Fiduciary Duty, Negligent Misrepresentation, Failure to Supervise, Fraud, Violations of the CEA 7 U.S.C. Section 1, et al., Violation of NFA Compliance Rules 2-2 and 2-4, [and] Violation of Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2").

This is not a trivial omission in the Award.  A prevailing theory of agency was necessary to every claim alleged against Comtrust, since all the alleged fraud and negligence occurred with the IBs.  Nor was a finding of agency between Comtrust and the IBs automatic.  To the contrary, the NFA guidelines for arbitrators, which control this arbitration and are a material part of the

4

parties' agreement to arbitrate, *see* Ex. B,[2] make clear that a clearing firm like Comtrust can only be responsible for introduced accounts "if it can be shown that an IB is a de facto branch office of and FCM." Legal and Procedural Issues For NFA Arbitrators at 15-16, "Clearing Firm Responsibility For Introduced Accounts." These guidelines explain,

> For example, an agency relationship is not established if the IB and the FCM work as "independent business entities" and the only services the FCM provides to the IB are "back office" services (e.g., calculating margin and net equity and collecting margin) and sending confirmations, purchase and sale, and monthly statements directly to the customers that had been 'introduced' by the IB to the carrying FCM.

*Id.* The authority behind these principles was briefed by the parties. Moreover, the evidence was overwhelmingly one-sided that Comtrust's relationship with the IBs in this case was nothing more than a generic FCM / IB relationship involving separate businesses. There was no evidence suggesting anything like the "de facto branch office" relationship required for agency.

Accordingly, the Panel's Award in this case has not, on its face, considered the matter of agency, and agency cannot be assumed consistent with controlling NFA guidelines. The award thus should be modified under § 10(c), NFA Arbitration Code, to exclude, or at least limit, the joint and several award against Comtrust to reflect accurately Claimant's <u>maximum</u> damages from Comtrust's clearing activities – about $$96,900.00 in fees, or $45,600.00 after Comtrust paid its clearing fees. As it stands, the joint and several award against Comtrust for nearly $600,000 is a miscalculation evident from the Award itself.

**II.     The Panel Decided Claims Claimant Withdrew.**

The award identifies among the matters the Panel considered and decided alleged "Violations of the CEA 7 U.S.C. Section 1, et al., . . . [and the] Illinois Consumer Fraud and

---

[2] In Claimant's arbitration agreement, Claimant expressly agrees to submit his claim to arbitration in the NFA "in accordance with the Bylaws and Rules of the NFA." Ex. B at 7.

5

Deceptive Business Practices Act 815 ILCS 505/2." Ex. A hereto. These supposed statutory claims appeared in Claimant's initial May 2006 claim under the alleged "Violations" section. *See* Ex. B hereto. However, the September 2006 Amended Statement of Claim dropped these supposed claims entirely. *See* Ex. C hereto. Claimant said nothing during the rest of the arbitration about the Illinois statute, and included only brief references to two CEA provisions in its written closing argument, purportedly in relation to its breach of contract claim.

It is well settled that an amended complaint supersedes the prior pleading in all respects, so that the "prior pleading is in effect <u>withdrawn</u> as to all matters not restated in the amended pleading, and becomes functus officio." *E.g., Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citations omitted) (emphasis added); *ABN AMRO, Inc. v. Capital Intern. Ltd.*, 2007 WL 845046 at *13 (N.D. Ill. Mar 16, 2007) (finding that "when a litigant files an amended complaint or counterclaim, the allegations in the prior pleading are superseded and are no longer operative, even in the case where the initial filing occurred"). The NFA rule on amended pleadings, § 6(k), NFA Arbitration Code, says nothing to the contrary.

Thus, when Claimant's Amended Statement of Claim dropped the alleged claims under the "CEA 7 U.S.C. § 1, et al.," and under Illinois' fraud statute, those claims were <u>withdrawn</u> from the arbitration. Those claims should <u>not</u> have been considered or decided in the case, as the Award indicates. The Panel therefore has "awarded upon" matters not submitted to them. For this reason as well, the award must be modified under § 10(c), NFA Code of Arbitration Procedure, to remove any consideration or finding of purported violations of the CEA or Illinois' fraud statute, 815 ILCS 505/2.

**WHEREFORE**, Respondent Comtrust respectfully requests that the Arbitration Panel appointed to determine the above-captioned matter modify the Award issued on December 10, 2007 to reduce the amount of the joint and several Award against Comtrust to, at <u>most</u>, the amount Comtrust received in fees from Claimant's trading, about $96,900.00; and netting $45,600.00 after paying clearing fees, and further to modify the Award to remove any finding of a violation of the CEA or Illinois' fraud statute, 815 ILCS 505/2, which were not submitted in arbitration, and any amount of damages awarded on such a finding.

                                      Respectfully submitted:

                                      Gary M. Sinclair, Attorney for
                                      Respondent Comtrust

Gary M. Sinclair
Attorney for Respondent Comtrust
2043 N. Mohawk Street
Chicago, IL 60614
Tel: 773-871-4389
Fax: 773-871-8534
E mail: gary@garyslaw.com

## CERTIFICATE OF SERVICE

      I, GARY M. SINCLAIR, attorney for Respondent hereby certify that I served a copy of the foregoing document on January 29, 2008, addressed to the attorneys of record listed below:

                                                      _____
                                                              Gary M. Sinclair

By Hand Delivery
Ms. Heather A. Cook
Arbitration Administration
National Futures Association
300 S. Riverside Plaza
Suite 1800
Chicago, IL  60606

Howard B. Prossnitz
Law Offices of Howard Prossnitz
200 W. Madison Street
Suite 2670
Chicago, IL 60606

Andrew David
Stavros S. Giannoulias
Horwood, Marcus and Berk Chartered
180 N. LaSalle Street
Suite 3700
Chicago, IL 60601